It seems to be doubtful, upon the evidence, what the transaction between the parties really was. The bill states that the note was made and discounted to raise money for the use of a mercantile firm formed between the defendants Ferrand and Jones, in Alabama. It is clear that it is not correct in the full extent, for that firm was not thought of when the money was borrowed, and did not exist for nearly two years afterwards. Indeed, it is pretty certain that the loan was obtained for the benefit of Ferrand, and that the money was actually applied, the day after it was borrowed, to the discharge of a debt which Ferrand owed to another bank. Still, as between Jones and Whitty, the material question arises, whether one executed the note at the request of the other, and, if so, which was the primary and which the supplemental surety for Ferrand. The proof is far from being satisfactory on the point. The declarations of Jones, *Page 55 
as stated by some of the witnesses, would be very strong for the plaintiff if their effect was not weakened by some declarations of Whitty of an opposite bearing. Besides, it would seem very singular that Jones should incur such a responsibility of Whitty in behalf of Ferrand, a stepson of Whitty, whom he had brought up from infancy, and to business as a merchant, and for whom he professed great affection. That improbability is strengthened by other facts. From the making of the note to Whitty's death, he was the agent of Jones in this State, and had large funds belonging to him in his hands. Yet when he made the payments, for the recovery of which the bill is filed, he did not charge them to Jones, but to Ferrand, while he discharge to Jones other sums which he paid on the note out of Jones' funds, by the special written order of Jones, in favor of Ferrand. Moreover, in his will Whitty mentions certain negroes which he got from Ferrand, and bequeaths them to him upon the payment of these debts for which he was liable for him, saying that was all the claim he had to them. It is by no means certain, therefore, how the truth is upon this point; (81) and if a declaration on it were necessary to the decision of the suit, it might be proper to direct an issue. It rather seems from other parts of the evidence that, in point of fact, Whitty and Jones were cosureties for Ferrand, who was, almost unquestionably, the principal. If there had been a charge in the bill to that effect, it would have brought the case within the cognizance of the Court of equity, and made it necessary to weigh the proofs in that respect. But the bill states that as one of Jones' pretenses, and expressly denies that to have been the fact; and, therefore, it cannot be entertained as one for contribution between cosureties. Then, in the other aspect of the case, and taking the facts most favorably for the plaintiff, namely, that he made the note at the express request of Ferrand and Jones, for the accommodation of one or both of them, the plaintiff had a plain remedy at law for the money by him paid for the use of the person or persons thus requesting him. It is, thus taken, the common case of money paid for another, for which indebitatus assumpsit lies, and not a bill in equity. Without any declaration of the facts, therefore, and assuming them to be alleged by the plaintiff, the bill cannot be sustained, but must be dismissed with costs.
PER CURIAM. Bill dismissed with costs. *Page 56 
(82)